IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| SILAS MARTIN, #145 609 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:03-CV-1174-T |
| | (WO) |
| SGT. LEWIS HULETT, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  INTRODUCTION

Plaintiff, Silas Martin ("Plaintiff"), is an inmate in the custody of the Alabama Department of Corrections.[1] He filed this 42 U.S.C. § 1983 action on December 1, 2003 complaining that Defendants violated both his First Amendment right to practice freely his religion and his Fourteenth Amendment right to due process during disciplinary proceedings. The complaint is pending against Sergeant Lewis Hulett, Captain Jeffrey Knox, and Officer Billy Blue. Plaintiff seeks $75,000.00 in damages and suspension of Defendants Hulett and Blue for a period of six months without pay.

Pursuant to the orders of this court, Defendants filed a special report, including supporting evidentiary material, addressing Plaintiff's claims for relief. (Doc. No. 13.) The

---

[1] Plaintiff filed this complaint while incarcerated at the Easterling Correctional Facility. During the pendency of this action, he was transferred to another correctional facility within the Alabama Department of Corrections.

court deems it appropriate to treat these documents as a motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's response thereto (Doc. No. 17), the court concludes that the motion for summary judgment should be granted.

## II.  STANDARD OF REVIEW

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce some evidence supporting his constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).  Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled

to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

*A.  The Religion Claim*

On October 31, 2003, while en route to Jumah prayer service, Plaintiff states that Sgt. Hulett ordered him to return to his dorm.  Plaintiff complied with this order.  Subsequently, Plaintiff went to the guard's office in hopes of talking to a higher ranking officer about Sgt. Hulett's conduct.  Plaintiff, however, found only Sgt. Hulett there.  At that point, Plaintiff alleges that for no reason, Sgt. Hulett directed that he be locked up in a restricted dorm.  As of the date he filed this action, Plaintiff asserts that he remained housed in the restricted dorm where his ability to attend Jumah services continued to be restricted.  (Doc. No. 1.)

Sgt. Hulett states that on October 31, 2003 at approximately 12:10 p.m. he stopped Plaintiff from exiting dorm  #7 in order to attend Jumah service. The inmate count had already cleared and, therefore, Sgt. Hulett directed Plaintiff to return to his assigned dorm. At approximately 12:15 p.m., Sgt. Hulett observed Plaintiff attempting to exit the dorm again. Sgt. Hulett ordered Plaintiff to return to his assigned bed,  pack his property, and report to the lobby of Dorm #7.  Pending disciplinary action for his violation of Rule #56, failure to obey a direct order of a correctional officer, Plaintiff was placed in a restricted dorm, or as it also known, the "hot dorm." (Doc. No. 13, Exhs. A, B, D.)

"[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). However, this concern must be balanced against the constitutional rights of inmates which are not stripped away at the prison gate one of which includes the right to the free exercise of religion. *See Johnson v. Avery*, 393 U.S. 483, 486 (1969). In determining whether prison rules and regulations pass constitutional muster, courts apply a lesser standard of scrutiny when reviewing alleged violations of protected rights out of deference to the complexities of prison administration with which federal courts are not adept at dealing. *See Turner v. Safley*, 482 U.S. 78, 81 (1987). Under *Turner*, [federal] action by prison officials that infringes upon a prisoner's First Amendment rights is valid if it is reasonably related to legitimate penological interests. *Id.* at 89.

Here, Plaintiff complains that he was not allowed to attend Jumah service on October 31, 2003 and during his temporary assignment to the hot dorm. Plaintiff, however, fails to allege that the restriction imposed on him was not reasonably related to the prison's legitimate penological interests nor has he alleged that he was not permitted to actually engage in any sort of weekly religious observance within the restricted dorm. Thus, he fails to demonstrate that his temporary inability to attend Jumah services deprived him of his constitutional right to practice his religion absent a showing that he was denied the opportunity to participate in other religious observances of his faith. See *O'Lone v. Shabazz,* 482 U.S. 342, 351 (1987). In this case, Plaintiff neither alleges much less shows that he was denied other opportunities to practice his religion such as appropriate diet, fasting, prayer,

and access to the Quran. *See Al-Alamin v. Gramley,* 926 F.2d 680, 688-89 (7th Cir. 1991) (sporadic Jumah services not alone constitutionally deficient). Because Plaintiff has failed to submit any evidence from which a reasonable inference can be drawn that he was denied his First Amendment right to practice his religion, Defendants are entitled to summary judgment on this claim.

*B. The Disciplinary Claim*

During disciplinary proceedings held November 18, 2003 in relation to Plaintiff's violation of Rule #56, he complains that his witnesses did not have the opportunity to testify. Although Officer Blue informed Plaintiff that his witness were on their way, Plaintiff asserts that they never showed up. (Doc. No. 1.)

Officer Blue presided over the November 18, 2003 disciplinary hearing. Plaintiff requested five witnesses at the hearing. The witnesses were not called to testify, however, because Plaintiff informed Officer Blue that his requested witnesses were not present when the incident occurred. Following the disciplinary hearing, at which Plaintiff and Sgt. Hulett testified, Officer Blue found Plaintiff guilty of the conduct charged and sanctioned him to 90 days in the hot dorm. (Doc. No. 13, Exhs. C. D.)

To the extent Plaintiff's complaint may be read to assert an allegation that he was falsely charged with institutional misconduct, he does not state a violation of his constitutional rights. The filing of a false or unfounded misconduct charge against an inmate does not constitute a deprivation of a constitutional right. *See Freeman v. Rideout,* 808 F.2d

949 (2nd Cir. 1986); *Flanagan v. Shively,* 783 F. Supp. 922, 931-32 (M.D.Pa.), *aff'd,* 980 F.2d 722 (3rd Cir. 1992).

Likewise, Plaintiff's claim that he was denied due process in regard to his misconduct charge does not state a violation of his constitutional rights. The Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin,* the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976), *quoted in Sandin,* 515 U.S. at 480.

Here, Plaintiff's assignment to the restricted dorm for a 90-day period, even if due to an alleged false conduct report and unfair disciplinary proceedings, did not trigger the protections of the Due Process Clause. *Sandin*, 515 U.S. at 480. Because Plaintiff fails to submit evidence that the discipline he received as a result of alleged procedural irregularities and Sgt. Hulett's alleged false disciplinary reports amounted to a significant and atypical deprivation in relation to the ordinary incidents of prison life, he does not create a genuine issue that he had a liberty interest in avoiding the discipline imposed. *Id*. at 483-84. As Plaintiff's claim that he was denied due process at his institutional misconduct hearing

fails to state a violation of his constitutional rights, Defendants are due to be granted summary judgment on this claim.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. No. 13) be GRANTED and this case be DISMISSED with prejudice;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3.  The costs of this proceeding be TAXED against Plaintiff;

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 27, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 12th day of December 2005.

/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE